| | | |
|---|---|---|
| ✤PROB 12C<br>(12/04) | UNITED STATES DISTRICT COURT<br>for<br>District of Northern Mariana Islands | F I L E D<br>Clerk<br>District Court<br>MAR 1 2 2008<br>For The Northern Mariana Islands<br>By_____<br>(Deputy Clerk) |

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Vicente A. Sablan**  Case Number: **CR 04-00020-001**

Name of Sentencing Judicial Officer: The Honorable Alex R. Munson, Chief Judge

Date of Original Sentence: September 29, 2004

Original Offense: Distribution and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C)

Original Sentence: 24 months incarceration and three years of supervised release with the following conditions: the defendant shall not commit another federal, state, or local crime; the defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance; he shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter to detect use of a controlled substance; the defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission; the defendant shall be prohibited from possessing a firearm or other dangerous weapon or have such weapon at his residence; the defendant shall refrain from the use of all alcoholic beverages; the defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; the defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office; and the defendant shall complete 200 hours of community service under the direction of the U.S. Probation Office. **Amended on November 7, 2006** to include that the defendant submit up to eight drug tests per month at the direction of the U.S. Probation Office and complete an additional 100 hours of community service as a sanction for two positive drug tests.

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **February 28, 2006**

Assistant U.S. Attorney: **Beverly McCallum**   Defense Attorney: **Joseph Camacho**

---

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| Special Condition | The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. |
| Special Condition | The defendant shall pay to the United States a $100 special assessment fee. |
| Standard Condition | The defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month. |

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition,*
*Re: Violation of Supervised Release Conditions; Request for a Warrant,*
*submitted by U.S. Probation Officer Melinda N. Brunson*

Reviewed by:

_____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: March 10, 2008

I declare under penalty of perjury that the foregoing is true and correct.

_____
MELINDA N. BRUNSON
U.S. Probation Officer

Executed on: March 10, 2008

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant.
[X] The issuance of a summons. *for 3-26-08 at 10:00 a.m.*
[ ] Other.

_____
ALEX R. MUNSON
Chief Judge
District of the Northern Mariana Islands

3-12-08
Date

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 04-00020-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | ) | |
| | ) | |
| VICENTE A. SABLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** Violation of Supervised Release Conditions; Request for a Summons

I, U.S. Probation Officer Melinda N. Brunson, am the Officer assigned to temporarily supervise the Court-ordered conditions of supervised release for Vicente A. Sablan during the absence of his assigned officer, U.S. Probation Officer Margarita Wonenberg, and in that capacity declare as follows:

On September 29, 2004, Vicente A. Sablan was sentenced to 24 months of imprisonment followed by three years of supervised release for one count of Distribution and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). He was released from the Bureau of Prisons on February 28, 2006. On November 7, 2006, Mr. Sablan's judgment was modified pursuant to a petition filed by Officer Wonenberg to include that Mr. Sablan submit to a maximum of eight drug tests per month and complete a sanction of 100 hours of community service. Part of the modification was to address the Ninth Circuit ruling in U.S. Vs. Stephens, which requires the court to determine the maximum number of drug tests the probation office can perform. The modification was also requested to address non-complaint behavior after Mr. Sablan admitted that he smoked "ice" on August 23, 2006 and October 20, 2006. He is alleged to have committed the following, in violation of 18 U.S.C. §3583(d):

**Special Condition:** *The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.*

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:   SABLAN, Vicente A.
Criminal Case No. 04-00020-001
March 11, 2008
Page 2


On March 28, 2007, Mr. Sablan reported to the U.S. Probation Office for quarterly drug testing and submitted to a urinalysis. U.S. Probation Officer John San Nicolas administered the test. The drug test slide revealed that the sample was negative. However, because the color of the sample appeared very light, Officer San Nicolas used a refractometer to measure the specific gravity (water to urine ratio). The refractometer indicated that the specimen was diluted and as a result, the specimen was sent to the STL Laboratory in Richmond, Virginia for analysis.

On April 9, 2007, U.S. Probation Officer Margarita Wonenberg received the analysis report from STL Laboratory that Mr. Sablan's urine had been diluted and was positive for the presence of methamphetamine and amphetamine. Officer Wonenberg attempted to contact Mr. Sablan to instruct him to report for a non-compliance meeting. She was unable to locate him, but left messages with family members. On April 19, 2007, Mr. Sablan reported and admitted to Officer Wonenberg that he smoked "ice" on March 27, 2007. Officer Wonenberg regressed Mr. Sablan to the beginning of the U.S. Probation Drug Testing Phase Program.

On April 25, 2007, Mr. Sablan reported to the U.S. Probation Office for a random drug test. U.S. Probation Officer San Nicolas administered the urinalysis, which was presumptive positive for methamphetamine. Officer Wonenberg, who was present during the testing, confronted Mr. Sablan about possible drug use and he admitted to her that he smoked "ice" on April 23, 2007.

On October 23, 2007, Mr. Sablan reported to the U.S. Probation Office for quarterly drug testing. Officer San Nicolas administered the test, which was negative but had an abnormally low reading on the refractometer. Officer San Nicolas sent the specimen to the STL Laboratory for analysis. On October 29, 2007, the analysis report revealed that Mr. Sablan's urine had abnormal levels of creatinine and specific gravity, an indication that Mr. Sablan had drank large amounts of fluid prior to the drug test.

On October 29, 2007, this officer confronted Mr. Sablan about the diluted specimen. Mr. Sablan was reminded that according to the U.S. Probation Office's drug testing policy, he was cautioned that diluted specimens may result in notification to the court. Mr. Sablan had previously been informed in writing that in order to avoid diluted samples, he should not drink large amounts of fluid three hours prior to submitting to urinalysis. On this day, Mr. Sablan was given a verbal warning about drinking large amounts of fluid before reporting to the office for drug testing.

On February 11, 2008, Mr. Sablan reported to the U.S. Probation Office to submit his monthly report. This officer asked Mr. Sablan to submit to a drug test, which resulted presumptive positive for methamphetamine and amphetamine. Mr. Sablan initially denied using drugs but admitted that he ingested half of a pill of something that was "like viagra." His specimen was

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:   SABLAN, Vicente A.
Criminal Case No. 04-00020-001
March 11, 2008
Page 3


packaged to be sent to the STL Laboratory for analysis. Mr. Sablan returned to the office later that afternoon and produced the remaining half of the pill he took. Mr. Sablan was informed that the laboratory would be able to determine what caused the positive test. Mr. Sablan left the office for the second time that day, but returned within a minute and admitted in writing that he smoked "ice" on February 10, 2007.

**Special Condition:** *The defendant shall pay to the United States a $100 special assessment fee.*

To date, the defendant has failed to comply with this condition.

**Standard Condition:** *The defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month.*

Since Mr. Sablan's release on February 28, 2006, he has only submitted four monthly reports during the authorized five-day reporting period. This includes his monthly reports for March, April, June, and December 2006. His monthly reports for July and October 2006 and January, February, July, and August 2007 were never submitted. His reports for August and September 2006 were both submitted on October 25, 2006. His reports for April, May, and June 2007 were all submitted on July 19, 2007. Every other report was submitted outside the five day reporting period. He has not reported for the month of February 2008.

**Supervision Compliance:** On August 25, 2006, Mr. Sablan completed his 200 hours of community service. On February 5, 2007, he completed the additional 100 hours of community service that was added to his judgment as a result of a sanction. He completed his three mandatory drug tests on May 8, 2006 and he submitted to the collection of a DNA sample on February 20, 2008.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Vicente A. Sablan to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervised release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this 11th day of March 2008, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re: SABLAN, Vicente A.
Criminal Case No. 04-00020-001
March 11, 2008
Page 4

    I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

                              Respectfully submitted,

                              ROSSANNA VILLAGOMEZ-AGUON
                              Chief U.S. Probation Officer

By:     _____
            MELINDA N. BRUNSON
            U.S. Probation Officer

Reviewed by:

_____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:    Craig Moore, Assistant United States Attorney
        Steven Pixely, Defense Attorney
        File

**VIOLATION WORKSHEET**

1. Defendant     **Vicente A. Sablan**
2. Docket Number (Year-Sequence-Defendant No.)     **Criminal 04-00020-001**
3. District/Office     Northern Mariana Islands
4. Original Sentence Date     09 / 29 / 04
                                           month    day    year

(If different than above):

5. Original District/Office     N/A
6. Original Docket Number (Year-Sequence-Defendant No.)     N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. | C |
| • The defendant shall pay to the United States a $100 special assessment fee. | C |
| • The defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month. | C |
| • | |

8. Most Serious Grade of Violation [see §7B1.1(b)]     C
9. Criminal History Category [see §7B1.4(a)]     II
10. Range of Imprisonment [see §7B1.4(a)]     4 to 10 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant:     Vicente A. Sablan

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | N/A | Community Confinement | N/A |
   | Fine ($) | N/A | Home Detention | N/A |
   | Other | $100 Special Assessment Fee | Intermittent Confinement | N/A |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years.

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment [see 18 U.S.C. §3583(e) and §7B1.3(g)(2)].

   Period of supervised release to be served following release from imprisonment:     26 to 32 months

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

   None.

15. **Official Detention Adjustment** (see §7B1.3(e)):     0 months     0 days